IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JORDON MICHAEL POSEY,<br><br>    Plaintiff,<br><br>                v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>    Defendant. | Civil Action No.<br>1:22-cv-01496-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Sedgwick Claims Management Services, Inc.'s (Sedgwick) motion to dismiss [ECF 3]. For the following reasons, the Court **GRANTS** Sedgwick's motion.

**I.    Background**

The following facts are treated as true for purposes of this motion.[1] The Fraternal Order of Police Legal Plan, Inc. (the Legal Plan) is an employee benefit plan that provides for enrollees' legal defense costs for certain covered claims.[2] The plan is sponsored by the Fraternal Order of Police Grand Lodge and is administered by the Board of Trustees of Legal Plan, Inc. (the Board).[3]

---

[1]   *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

[2]   ECF 3, ¶ 2.

[3]   ECF 1-1, at 11.

The Board employed Sedgwick as the benefit administrator of the Legal Plan and authorized it to "review, approve or disapprove claims for benefits" and "administer and pay claims."[4] If Sedgwick denied a claim for benefits, an enrollee could appeal this decision to the Board, whose decisions were final and "not subject to further administrative appeal and review."[5] Furthermore, the "construction and interpretation of [the Legal Plan's] provisions are vested with the Board in its absolute discretion."[6]

On March 4, 2021, Plaintiff Jordon Michael Posey, a participant in the Legal Plan, contacted Sedgwick to request coverage of legal defense costs associated with an incident that occurred while he was employed as a law enforcement officer at the Pike County Sheriff's Office.[7] Sedgwick denied coverage, claiming that the incident "did not occur in the scope of [Posey's] employment."[8] Posey appealed Sedgwick's decision to the Board and was again denied coverage.[9] This action exhausted his remedies under the Legal Plan.[10]

---

[4]  *Id.* at 12.

[5]  *Id.* at 29.

[6]  *Id.* at 28.

[7]  *Id.* at 33.

[8]  *Id.*

[9]  ECF 3-2, at 7.

[10] ECF 1-1, at 29.

On March 21, 2021, Posey filed suit against Sedgwick in the Magistrate Court of Gwinnett County, Georgia. Posey's Complaint sets forth a state law breach of contract claim and seeks to recover legal defense costs under the Legal Plan.[11] On April 19, 2022, Sedgwick removed Posey's Complaint to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.[12] Sedgwick then filed a motion to dismiss Posey's action, claiming that his state law breach of contract claim is preempted by Section 502(a)(1)(B) of the Employment Retirement Income Security Act of 1974 (ERISA).[13]

## II.  Legal Standard

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). That said, to withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting

---

[11]  ECF 3, ¶¶ 2–4.

[12]  ECF 1, ¶¶ 1–4.

[13]  ECF 3, ¶ 1.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has "facial plausibility" when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 556).

## III.   Discussion

An employee benefit plan is subject to the provisions of ERISA if it is "established or maintained by . . . [an] organization representing employees engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a). Moreover, to be covered by ERISA, an employee benefit plan must not fall within any of the exceptions outlined by 29 U.S.C. § 1003(b). *Williams v. Wright*, 927 F.2d 1540, 1549 (11th Cir. 1991). These exceptions include so-called "governmental plan[s]," "church plan[s]," workmen's compensation- or disability insurance-related plans, nonresident alien-related plans, and unfunded excess benefit plans. 29 U.S.C. § 1003(b)(1)–(5). The Legal Plan was established by the Fraternal Order of Police, a not-for-profit fraternal organization comprised of sworn law enforcement officers "engaged in commerce," *id.* § 1003(a), and does not meet any of the criteria for exemption under Section 1003(b).[14] The Legal Plan thus fits within the parameters of Section 1003(a) and is covered by ERISA.

---

[14]   ECF 1-1, at 11.

Section 514(a) of ERISA broadly preempts "any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144 (emphasis added). The Supreme Court has interpreted the term "relate to" to preempt several state common law causes of action brought by participants in ERISA-covered plans against plan administrators. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987). In this way, ERISA preemption is "not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state law claims." *Amos v. Blue Cross-Blue Shield Ala.*, 868 F.2d 430, 431 (11th Cir. 1989) ("The effect of ERISA preemption . . . is to completely eliminate state law causes of action relating to an ERISA plan."). Thus, consistent with the well-settled law in this Circuit, Posey's state law breach of contract claim aiming to recover benefits under an ERISA-covered plan is preempted. *Id.*; *Williams*, 927 F.2d at 1549–50 ("[W]ith regard to state law breach of contract claims specifically, this court and others have unanimously held that such claims are preempted by ERISA."); *Knox v. Am. Pro. Assocs.*, No. 1:19-cv-04890-WMR, 2020 WL 69304447, at *3 (N.D. Ga. May 27, 2020).

Because the Legal Plan is subject to ERISA and Posey's state breach of contract claim is preempted by Section 1144, and because he did not proceed pursuant to ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a)(1)–(6), he fails to state a claim and his action must be dismissed.

## IV. Conclusion

Sedgwick's motion to dismiss [ECF 3] is **GRANTED.** Posey's complaint [ECF 1] is **DISMISSED WITHOUT PREJUDICE** with leave to amend within 14 days from the entry of this Order. The Clerk is **DIRECTED** to administratively close the case.

**SO ORDERED** this 19th day of September, 2022.

Steven D. Grimberg
United States District Court Judge